IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COBRA CAPITAL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 2822 |
| | ) | |
| STOVER INDUSTRIES, INC., | ) | Judge Ronald A. Guzmán |
| HOWARD'S SHEET METAL, INC, | ) | |
| HSM MFG CO., HOLDRIDGE | ) | |
| MECHANICAL, LLC, and CARL | ) | |
| STOVER, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendants for their alleged breaches of equipment leases. The case is before the Court on plaintiff's Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss defendants' counterclaim and its fourth, fifth and seventh affirmative defenses, plaintiff's motion to strike defendants' jury demand, and defendant's Rule 12(b)(6) motion to dismiss plaintiff's amended complaint. For the reasons set forth below, both motions to dismiss are granted in part and denied in part and the motion to strike is denied.

## Background

On April 19, 2006, the parties signed two agreements that required plaintiff to purchase equipment from a third party, Industrial Machinery Assets Services ("IMAS"), and lease it to defendants. (Am. Compl. ¶ 10 & Exs. A & B, Leases.) Plaintiff says it complied with all of its obligations under the leases, but defendants refused to perform theirs. (Am. Compl. ¶¶ 17-18.)

Plaintiff seeks to hold defendants liable for breach of contract and fraudulent inducement and to foreclose a security interest on defendants' property.

Among others, defendants have asserted as affirmative defenses that: (1) the leases are void because they are impossible to perform; (2) a condition precedent to defendants' performance under the leases, plaintiff's acquisition of the equipment, did not occur; and (3) the security interest plaintiff seeks to foreclose is invalid. (Affirmative Defenses 4, 5 & 7.)

In addition, defendants have filed a counterclaim for rescission of the asserted security interest. According to defendants, plaintiff repudiated the leases shortly after they were signed by demanding additional consideration for its performance. (Counterclaim ¶ 15.) Because of that repudiation, defendants say, the leases did not give plaintiff a valid security interest in any of their property.

## Discussion

### Plaintiff's Motion to Dismiss[1]

Like all other pleadings, affirmative defenses are subject to the notice pleading standards of Rule 8. *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982). Consequently, "an affirmative defense need only be a brief statement . . . , [but it] must provide [plaintiff] with adequate notice of the relevant elements." *Id.* at 738. When ruling on a Rule 12(b)(6) motion to dismiss an affirmative defense or counterclaim, the Court must accept as true all well-pleaded

---

[1] Technically, affirmative defenses are subject to being stricken under Rule 12(f), not dismissed under Rule 12(b)(6). *See* Fed. R. Civ. P. 12. The same standard applies to both kinds of motions, however. *See Forseth*, 199 F.3d at 368 (Rule 12(b)(6)); *United States v. 418.81 Acres of Land*, 514 F.2d 627, 630-31 (7th Cir. 1975) (Rule 12(f)). Consequently, the Court refers to both as motions to dismiss.

2

factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *See Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). The Court will grant the motion only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Plaintiff first argues that defendants are equitably estopped from asserting their defenses and counterclaim because they materially misrepresented to plaintiff the nature of the lease transaction. Specifically, plaintiff says defendants characterized the contracts as standard equipment finance leases under which plaintiff would buy the equipment from a third-party vendor, IMAS, and lease it to plaintiff. However, plaintiff asserts, defendants failed to mention what they now allege in their counterclaim: that they, not IMAS, owned the equipment and would have to sell it to IMAS before plaintiff could purchase it. In plaintiff's view, those allegations establish that defendants made a material misrepresentation, which estops them from asserting affirmative defenses or counterclaims in this case.

Plaintiff's estoppel argument is wholly unsuited to a motion to dismiss. The argument is not based on any perceived flaw in defendants' allegations. Rather, it is based on a string of facts that have yet to be determined, *i.e.*, who said what to whom about the lease transactions. Until those facts are fleshed out in discovery, the Court has no basis for applying equitable estoppel in this case.

Even if they can raise it, plaintiff says that defendants' affirmative defense of impossibility is insufficiently pled. The Court agrees. Impossibility is a defense to a contract claim only when one party's performance is made impossible by an unanticipated event that occurs after the contract

3

is signed. *U.S. Home Corp. v. George W. Kennedy Const. Co.*, 610 F. Supp. 759, 761 n.4 (N.D. Ill. 1985).

> The doctrine of impossibility . . . requires that the circumstances creating the impossibility were not and could not have been anticipated by the parties, that the party asserting the doctrine did not contribute to the circumstances, and that the party demonstrate that it has tried all practical alternatives available to permit performance.

*Ill.-Am. Water Co. v. City of Peoria*, 774 N.E.2d 383, 391 (Ill. App. Ct. 2002). The fourth affirmative defense, which says only that the leases are "invalid and void due to impossibility of performance," contains none of those allegations. It must, therefore, be dismissed.

The dismissal will be without prejudice, however, because defendants have not, as plaintiff contends, pleaded themselves out of court on this defense. Plaintiff assumes, perhaps correctly, that defendants base their impossibility defense on its failure to acquire the equipment. But that conclusion is not compelled by defendants' pleading, and because there may be a set of facts that would make impossibility a viable defense, the Court will not dismiss it with prejudice. *See Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999) ("[B]ecause it is possible to imagine evidence consistent with the allegations of the complaint that would establish [plaintiff's right to recover], the complaint survives a motion to dismiss under Rule 12(b)(6).")

Defendants' fifth affirmative defense is that their performance is excused because a condition precedent to it, plaintiff's acquisition of the equipment, never occurred. "A condition precedent is an act or event, other than a lapse of time, which must exist or occur before a duty of immediate performance of a promise arises." *Wasserman v. Autohaus on Edens, Inc.*, 559 N.E.2d 911, 916 (Ill. App. Ct. 1990). A contract provision will be construed as a condition precedent only if "the intent to create such a condition is apparent from the face of the agreement." *AAR Int'l, Inc.*

*v. Vacances Heliades S.A.*, 202 F. Supp. 2d 788, 800 (N.D. Ill. 2002) (quotation omitted). If the language of the contract is unambiguous, the intent to create a condition precedent is a question of law. *Id.* "Conditions precedent are generally indicated by the terms 'on the condition', 'subject to,' 'when,' 'as soon as,' or other similar terms." *Id.* (quotation omitted).

Defendants say that the condition precedent to their performance is found in paragraph eight of the leases, which states:

> The Equipment is, and shall remain, the property of the Lessor, and Lessee shall have no right, title or interest in and to the Equipment, expect as otherwise set forth in this Lease. The Equipment shall at all times remain personal property, even though installed in or attached to real property, Lessee, upon request of Lessor, shall affix to the Equipment such decal or metal plate which shall be supplied by Lessor as the owner and Lessor of the Equipment.

(Affirmative Defense No. 5.)

That provision does not contain any of the words that signal a condition precedent. Nor does it condition defendants' performance, *i.e.*, their obligation to pay, on action by plaintiff or the occurrence of a particular event. In fact, it does not even mention defendants' performance obligation. It simply confirms that the leases give defendants no ownership interest in the equipment. Because this provision contains no indication that the parties intended it to create a condition precedent to defendants' payment obligation, defendants' fifth affirmative defense cannot stand.

Once again, however, defendants will be given leave to amend. Though lease paragraph eight does not contain a condition precedent, there is such a condition in paragraph two:

> Lessee agrees to pay total rent equal to the "Amount of Each Lease Payment" multiplied by the number of payments specified in "Number of Payments" above. Lessee's first monthly lease payment shall be due upon delivery of the Equipment and acceptance of the Equipment by Lessee; all subsequent payments shall be due on or before the first day of each calendar month thereafter.

5

(Am. Compl., Exs. A & B, Leases at ¶ 2.) That language unambiguously conditions defendants' payment obligation on plaintiff's delivery of the equipment to them. Thus, defendants have leave to amend their fifth affirmative defense to assert failure of this condition.

In their seventh affirmative defense, defendants allege that plaintiff does not have a valid security interest in their property under Ohio law. Plaintiff says this defense should be stricken because the leases are governed by Illinois law and explicitly state that plaintiff has the authority to file Uniform Commercial Code ("UCC") financing statements.

The leases do, indeed, have an Illinois choice-of-law clause. (*See id.* ¶ 25.) But the statutory provision that defendants invoke, which governs the enforceability of security interests, is the same in Ohio as it is in Illinois. *See* 810 Ill. Comp. Stat. 5/9-203(b) (stating that a security interest is enforceable against the debtor only if, among other things, the secured party has given value for it); Ohio Rev. Code § 1309.203(B) (same). Consequently, defendants' invocation of Ohio law is not a basis for dismissing this defense.

Nor is the fact that the leases authorize plaintiff to file UCC financing statements. The law governing the effect of perfecting a security interest is that of the jurisdiction in which the debtor is located. 810 Ill. Comp. Stat 5/9-301(1); Ohio Rev. Code Ann. § 1309.301(A). The alleged debtors in this case are located in Ohio. (Answer ¶¶ 2-7.) Under Ohio law, a security interest can be perfected by filing a financing statement, but perfection affects only the creditor's rights with respect to other creditors. Ohio Rev. Code Ann. §§ 1309.310(A), 1309.322; *Saba v. Fifth Third Bank of N.W. Ohio, N.A.*, No. L-01-1284, 2002 WL 31002781, at *5 (Ohio App. Ct. Sept. 6, 2002). "Perfection is irrelevant to the validity of the security interest as between . . . the parties to a security agreement." *Saba*, 2002 WL 31002781, at *5. In short, defendants' agreement to the lease provisions allowing plaintiff to file financing statements does not waive any defenses they

may have to enforcement of the leases. Plaintiff's motion to dismiss the seventh affirmative defense is, therefore, denied.

**Plaintiff's Motion to Strike**

Plaintiff also asks the Court to strike defendants' jury demand because they expressly waived their right to a jury trial by signing the leases, which state: "WAIVER OF TRIAL BY JURY. LESSOR, LESSEE AND GUARANTOR HEREBY WAIVE THEIR RESPECTIVE RIGHTS TO HAVE ANY PROCEEDINGS HEREUNDER OR IN CONNECTION HEREWITH TRIED BY A JURY." (Am. Compl., Exs. A & B, Leases ¶ 24.) However, if defendants' assertion that the leases are invalid is correct, they would not be bound by the jury waiver. Because the validity of the leases cannot be determined on a motion to dismiss, the Court denies plaintiff's motion to strike the jury demand without prejudice. Plaintiff may renew the motion later in the case if it is appropriate to do so.

**Defendants' Motion to Dismiss**

In Count I of its amended complaint, plaintiff asserts a breach of contract claim. Defendants say the claim must be dismissed because plaintiff's acquisition of the equipment was a condition precedent to defendants' performance of their obligations under the lease. As discussed above, however, the leases do not make plaintiff's ownership of the property a condition precedent to defendants' performance.

Moreover, though the leases do condition defendants' performance on plaintiff's delivery of the equipment to them, the failure of that condition is not a basis for dismissing plaintiff's contract claim. Though plaintiff admits that it did not deliver the equipment, it also alleges that

7

defendants prevented it from doing so. (Am. Compl. ¶¶ 28-29.) If that is true, which we cannot determine at this point, the non-occurrence of the condition precedent will not relieve plaintiff of liability. *See Wasserman*, 559 N.E.2d at 918 ("A person who prevents the performance of an alleged condition to a contract cannot take advantage of his conduct to claim that the resulting failure of the condition relieves him of his obligation under the contract."). Thus, the alleged failure of the condition precedent is not a basis for dismissing the contract claim.

Nor is plaintiff's alleged anticipatory repudiation of the contract. Defendants say it is "undisputed" that plaintiff asked defendants for additional consideration after the leases were executed. But plaintiff does not make that allegation, and the allegations it does make do not compel that inference. Because plaintiff's alleged repudiation is not established by the pleadings, it is not a basis for dismissing the contract claim.

In Count II, plaintiff asserts a claim for foreclosure of its alleged security interest in defendants' property. Defendants first say this claim must be dismissed because the lease agreements from which it arises are invalid. As discussed above, however, the validity of the lease agreements cannot be determined on a motion to dismiss. Therefore, the Court rejects this argument.

Second, defendants argue that claim should be dismissed because the UCC prohibits plaintiff from enforcing its alleged security interest. As noted above, under both Illinois and Ohio law a security interest is enforceable against the debtor only if, among other things, "value has been given" for it. 810 Ill. Comp. Stat. 5/9-203(b); Ohio Rev. Code § 1309.203(B). By alleging that they never acquired the equipment, defendants say, plaintiff has admitted it gave no value for the alleged security interest.

A creditor gives "value" for a security interest if he acquires it: (1) "in return for a binding commitment to extend credit or for the extension of immediately available credit"; (2) "as security for or in total or partial satisfaction of a pre-existing claim"; (3) "by accepting delivery pursuant to a pre-existing contract for purchase"; or (4) "generally, in return for any consideration sufficient to support a simple contract." 810 Ill. Comp. Stat. 5/1-201(44); Ohio Rev. Code § 1301.01(RR) (same). Plaintiff alleges that by signing the leases it made a binding commitment to extend credit to defendants. (Am. Compl. ¶¶ 15-17.) For purposes of this motion, the Court must accept that allegation as true. Thus, defendants' motion to dismiss Count II is denied.

In Count III, plaintiff asserts a claim for fraudulent inducement. Defendants contend that plaintiff cannot sue both for fraudulent inducement, which assumes a contract was not formed, and for breach of contract. In Illinois, however, "[t]he existence of a remedy in breach of contract does not bar a party from seeking recovery for fraud in the inducement." *Concord Indus., Inc. v. Harvel Indus. Corp.*, 462 N.E.2d 1252, 1255 (Ill. App. Ct. 1984).

A viable fraudulent inducement claim requires allegations that: (1) defendants made a statement of material fact, that they knew or believed was false; (2) they did so with the intent to induce plaintiff to act; (3) plaintiff acted in reliance on that statement; and (4) plaintiff was damaged as a result. *Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 538 N.E.2d 530, 536 (Ill. 1989). Further, because the claim is based in fraud, plaintiff must allege these elements with particularity as required by Rule 9(b).

With respect to the first element, plaintiff alleges that defendants, by signing leases with provisions that instruct plaintiff to order the equipment from IMAS and state that the equipment is plaintiff's property, *see* Am. Compl., Exs. A & B, Leases ¶¶ 5, 8, falsely stated that "IMAS was the

9

owner of and would sell the Equipment to [plaintiff]." (Am. Compl. ¶ 29.) According to plaintiff, those statements are belied by defendants' admission that they, not IMAS, owned the equipment at all relevant times. (*Id.*)

Defendants, of course, disagree. In their view, lease paragraphs five and eight do not assert that IMAS owned the equipment when the leases were signed. Moreover, they say, any assertion those paragraphs do make about plaintiff's ability to buy the equipment from IMAS was true at the time it was made.

The Court agrees with plaintiff. Paragraph five, which instructs plaintiff to order the equipment from IMAS, implies that IMAS owns the equipment. Similarly, paragraph eight, which states that plaintiff is the sole owner of the equipment, supports the inference that IMAS stood ready to sell it to plaintiff. Thus, plaintiff has adequately alleged the first element.

Plaintiff has not, however, sufficiently alleged the last element. Plaintiff says its reliance on defendants' alleged misstatement caused it to lose more than $300,000.00, the profits it would have made had the leases been performed. Ordinarily, "benefit-of-the-bargain" damages are recoverable in actions for fraudulent misrepresentation. *Gold v. Dubish*, 549 N.E.2d 660, 667 (Ill. App. Ct. 1989); *see* Restatement (Second) of Torts § 549(2) ("The recipient of a fraudulent misrepresentation in a business transaction is also entitled to recover additional damages sufficient to give him the benefit of his contract with the maker, if these damages are proved with reasonable certainty"). However, as the *Gold* court noted, that rule was "designed for situations where the transaction between the parties has actually been consummated based on the fraudulent misrepresentation." *Gold*, 549 N.E.2d at 352. When, as here, the contract is not performed, "benefit-of-the-bargain damages, including lost profits, are not appropriate." *Id.* Thus, the appropriate measure of damages is not the profits plaintiff would have made if the leases had been

10

performed, but the costs plaintiff incurred as a result of its reliance on defendants' alleged misrepresentation. *See* Restatement (Second) of Torts § 549 (1)(b) ("The recipient of a fraudulent misrepresentation is entitled to recover as damages . . . pecuniary loss suffered . . . as a consequence of the recipient's reliance upon the misrepresentation."). Because plaintiff has not alleged that it suffered any such damages, it has not stated a viable claim for fraudulent inducement.

## Conclusion

For the reasons set forth above, plaintiff's motion to dismiss [doc. no. 23] is granted in part and denied in part. The motion is granted as to the fourth and fifth affirmative defenses, which are dismissed without prejudice, and denied as to the seventh affirmative defense. Plaintiff's motion to strike the jury demand [doc. no. 25] is denied. Defendants' motion to dismiss the amended complaint [doc. no. 31] is granted in part and denied in part. The motion is granted as to Count III, which is dismissed without prejudice, and denied as to Counts I and II. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to file an amended complaint and defendants have ten days thereafter to file their answer and affirmative defenses in conformity with this Order. If the parties fail to do so within that time, Count III of the amended complaint and defendants' fourth and fifth affirmative defenses will be dismissed with prejudice.

**SO ORDERED.**              ENTER: 3/14/07

RONALD A. GUZMAN
**United States District Judge**